PENN-YALE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8076.   Promulgated September 6, 1927.

1. Petitioner denied classification as personal service corporation.
2. Officers' salary not authorized, accrued, or paid in taxable years *held* not deductible.

*Matthew W. Wood, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

Deficiencies in income and profits taxes for the years 1920 and 1921 have been determined in the amounts of $2,055.16 and $38.44, respectively. The principal question involved is the right of petitioner to classification as a personal service corporation. In the event claim for personal service is denied, petitioner asks for a deduction for compensation for services rendered by its secretary.

### FINDINGS OF FACT.

Petitioner was organized under the laws of the State of New York in 1914 with a capital stock of $5,000, divided into 50 shares of $100 each. All of the stock outstanding, except qualifying shares, was owned by Matthew W. Wood, a practicing attorney in New York City, who paid for the stock issued to him by turning over to the corporation certain pieces of real estate.

Petitioner was organized by Wood for the purpose of buying and selling real estate, borrowing money thereon, collecting rents, etc.

Wood was prompted to incorporate his business in order to limit his liability in case of accident to tenants occupying this real estate, and to meet the requirements of certain banks and trust companies.

The corporation had no office and no employees. Wood devoted about one-half of his time to the practice of law and one-half of his time to petitioner during 1920, and less than half his time to the services of petitioner in 1921. He made no charge for his services as active head of the enterprise, which services were of the reasonable value of $5,000 per year. The method usually followed was for Wood to buy property with his own money and in his own name and thereafter to transfer the title to petitioner, taking back for his protection a deed to the property, which deed would not be recorded. Loans would be secured from the trust companies and banks in the name of petitioner. The property while in petitioner's name would be repaired or otherwise put into shape for the market and held until it could be sold. In the meantime it was rented. All of the profits were placed in a separate bank account in Wood's name and petitioner, as such, had no bank account.

## OPINION.

ARUNDELL: The Revenue Acts of 1918 and 1921 define a personal service corporation as one " whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor    *    *    *."

The petitioner was engaged in the buying and selling of real estate, the borrowing of money, the renting of property until a sale could be made, making repairs, alterations, etc. Capital, both invested and borrowed, was used in the business. The fact that Wood, the sole stockholder of the corporation, saw fit to dispense with the usual corporate formality and to treat the business as if it were his own and to appropriate the profits of the corporation without awaiting the formal declaration of a dividend, can not change the situation. In the eyes of the law a corporation is a separate and distinct entity from its stockholders and we can not disregard the fact. *E. C. Huffman*, 1 B. T. A. 52, and cases there cited. Petitioner is in no different situation from that in which many similar businesses found themselves under the taxing statutes. In order to save themselves from unlimited liability and to reap other advantages which come with corporate organization, many small businesses which would have otherwise operated as sole proprietorships or partnerships took the corporate form. That there are burdens that come with such an organization can not change the essential fact that the corpora-

tion is a separate entity. Capital was a material income-producing factor and it follows that personal service classification must be denied. *Kossar & Co.*, 4 B. T. A. 1164; *Seaboard Mills, Inc.*, 5 B. T. A. 575. While we may concede that Wood was entitled to a salary of $5,000 per annum for his services, still he made no charge to the corporation and no liability existed, and in fact, no salary was paid. There was nothing to deduct under such circumstances. *Columbia Textile Co.*, 2 B. T. A. 472; *American Central Fruit Auction Co.*, 3 B. T. A. 199; *Williamson Milling Co.*, 5 B. T. A. 814.

*Judgment will be entered for the respondent.*

Considered by LANSDON and STERNHAGEN.